[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14885
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00117-JRH-JEG


PAUL H. MAGALSKI,

                                              Plaintiff - Appellant,

                        versus

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,

                                              Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 18, 2012)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

    Paul H. Magalski appeals from an order of the district court granting

summary judgment in favor of his employer, the Department of Homeland

Security (DHS).  Magalski filed suit against DHS, arguing that an Administrative Judge erred in finding that his demotion was supported by substantial evidence and in concluding that his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), failed as a matter of law.  The district court concluded that the misconduct charges upon which DHS based Magalski's demotion were, in fact, supported by substantial evidence, and that Magalski could not establish a *prima facie* case of retaliation.  Magalski appeals these determinations.[1]

After a *de novo* review of the record[2] and the parties' briefs, and with the benefit of oral argument, we affirm the judgment of the district court for the reasons set forth in its thorough order dated September 29, 2010.

---

[1] Days before oral argument, Magalski asserted for the first time that he was not required to have a reasonable belief that he was engaging in statutorily protected activity to establish a prima facie case of retaliation.  This argument is waived. *Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

[2] *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).